IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Javan Fredrick Mays, | C/A No.: 4:18-03234-JFA |
| Petitioner, | |
| vs. | **ORDER** |
| Warden Scott Lewis, | |
| Respondent. | |

## I. INTRODUCTION

Javan Fredrick Mays, ("Petitioner"), is currently incarcerated in the Perry Correctional Institution pursuant to orders of commitment from the Clerk of Court for Spartanburg County. Petitioner, proceeding *pro se*, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On February 5, 2019, Warden Scott Lewis ("Respondent") filed a Motion for Summary Judgment and filed a return with a memorandum of law in support. (ECF Nos. 14 & 15). On February 6, 2019, by order filed pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (ECF No. 16). On March 28, 2019 Petitioner responded. (ECF No. 21). On April 4, 2019, Respondent replied to Petitioner's response. (ECF No. 22). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Respondent's Motion for Summary Judgment and dismiss the petition because (1) Ground Two is procedurally barred; (2) Grounds Three and Four are not cognizable federal claims appropriate for review; and (3) Petitioner cannot succeed on the merits on Grounds One, Five, and Six. (ECF No. 24). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Petitioner was advised of his right to object to the Report, which was entered on the docket on May 23, 2019. (ECF No. 24). Petitioner filed objections to the Report ("Objections") on June 13, 2019. (ECF No. 27). Respondent replied to the Objections on June 14, 2019. (ECF No. 29). Thereafter, Petitioner filed a response to the Respondent's Reply on July 1, 2019. (ECF No. 33). Thus, this matter is ripe for review.

## II.　LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as

a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

### III. DISCUSSION

Petitioner's habeas petition raises the following issues:

> Ground One: The petitioner was denied the right to effective assistance of appellate counsel.
>
> Supporting Facts: The petitioner's appellate counsel failed to raise and argue the State's violation of his discovery request for the alleged robbery victim's medical records to refute the State's "attempted murder charge" that a bullet fired by petitioner grazed the robbery victim's head. The petitioner objected to the State's violation of his discovery request for appellate review, which his appellate counsel failed to raise and argue.
>
> Ground Two: The petitioner discovered after his trial that the solicitor used perjured testimony to obtain his conviction.
>
> Supporting Facts: The solicitor proffered testimony by petitioner's alleged codefendant, Kyndell Robinson, who testified against petitioner for a "deal with the solicitor" which was not disclosed at trial. When asked why he was testifying for the State, Robinson testified he was testifying to better his life.

Ground Three: The petitioner was unlawfully deprived of an appellate review of his petition for writ of certiorari.

Supporting Facts: The Deputy Clerk, Brenda F. Shealy, of the South Carolina Supreme Court, signed an order denying the petitioner's writ of certiorari.

Ground Four: The trial court lacked subject matter jurisdiction to convict and sentence the petitioner.

Supporting Facts: The petitioner's indictment indicate that his indictments were returned by the grand jury on October 18, 2012; however, the grand jury did not convene until October 22, 2012 to return indictments and Spartanburg County. Thus, as South Carolina law holds that no indictment may be presented outside of a term of general sessions court, the trial court lacked subject matter jurisdiction to convict and sentence petitioner.

Ground Five: Petitioner did not knowingly and intelligently waive his right to assistance of counsel with a full understanding of the elements of his attempted murder charge and available defense(s).

Ground Six: The petitioner was denied the right to a fast and speedy trial.

First, the Magistrate Judge correctly opines that Ground 2 is procedurally barred and Petitioner has failed to show cause for his procedural default on this issue. (ECF No. 24 p. 13). Petitioner attempts to object to this proposed finding; however, he fails to address or even mention the issue of procedural default. (ECF No. 27 p. 3; ECF No. 33 p. 1). Petitioner's "objections" and reply thereto are merely a rehash of his arguments asserted in his initial petition. (Compare ECF No. 27 p. 3; ECF No. 33 p. 1, with ECF No. 1-1 ps. 25–26). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). Thus, Petitioner has failed to make a specific objection with regards to Ground Two being procedurally barred.

Next, the Magistrate Judge correctly opines that Grounds Three and Four are not cognizable claims on habeas review. The Magistrate Judge explains that in Ground Three,

Petitioner argues that he was deprived of appellate review of his writ of certiorari because the order denying his writ from the State Supreme Court was signed by the Supreme Court's Deputy Clerk instead of a judge; however, alleged defects in state PCR proceedings are not cognizable in a federal habeas action. *Wright v. Angelone*, 151 F.3d 151 (4th Cir.1998). As to Ground Four, the Magistrate Judge opines:

> In Ground Four, Petitioner argues that the trial court lacked subject matter jurisdiction to convict and sentence him because he had not been formally indicted. Deficiencies in state court indictments "are not ordinarily a basis for federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). Additionally, claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a noncognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.1998).

Again, Petitioner does not make any specific objections. In his attempt to object, Petitioner does not even address the Magistrate Judge's proposed finding that Grounds Three and Four pertain to the state court's jurisdiction/state procedure, and thus should be dismissed because they are not cognizable claims on habeas review. Petitioner's "objections" regarding Ground Three are in fact the same argument, almost word for word, alleged in his initial habeas petition. (Compare ECF No. 27 p. 4 & ECF No. 33 p. 1, with ECF No. 1-1 ps. 26–27.) Once again, Petitioner's "objections" in regards to Ground Four reassert his arguments from his petition. (Compare ECF No. 27 ps. 4–5 & ECF No. 33 p. 2, with ECF No. 1-1 ps. 27–28). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). Thus, Petitioner's objections are not specific.

The Magistrate Judge then correctly opines Petitioner cannot proceed on the merits on Ground One (ineffective assistance of counsel), Ground Five (knowing waiver of assistance of counsel), and Ground Six (claim of a speedy trial violation).

In regards to Ground One, the Magistrate Judge opines:

> The PCR court's rejection of the ineffective assistance of appellate counsel ground for relief did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record. Moreover, Petitioner produced no witnesses or evidence at his PCR proceedings to support his assertions and to show prejudice. [. . .] Accordingly, Petitioner fails to show the PCR court's findings of no error and no prejudice involve an unreasonable application of Supreme Court precedent.

As to Ground One, Petitioner again reasserts his exact same arguments from his habeas petition. (Compare ECF No. 27 ps. 1–2 & ECF No. 33 p. 1, with ECF No. 1-1 ps. 23–24). Petitioner does not address the Magistrate Judge's proposed finding that the he failed to show the PCR court's unreasonable application of Supreme Court precedent.

As to Ground Five, the Magistrate Judge opines:

> The state court's determination was neither a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2).

With regards to Ground Five, Petitioner does not address the Magistrate Judge's proposed findings. Petitioner's attempted objections again reassert his same arguments from his petition. (Compare ECF No. 27 p. 5 & ECF No. 33 p. 2, with ECF No. 1-1 ps. 29–30).

Regarding Ground Six, the Magistrate Judge again opines:

> The state court's determination was neither a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2).

Petitioner's "objections" as to Ground Six, are almost a word for word reassertion from his arguments in his initial petition, and he does not address the Magistrate Judge's proposed findings. (Compare ECF No. 27 p. 6 & ECF No. 33 p. 2, with ECF No. 1-1 ps. 30–32).

Thus, Petitioner has failed to make specific objections as to Grounds One, Five, and Six. A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017).

None of Petitioner's attempted objections address the Magistrate Judge's proposed findings or point to any errors in the Report. Petitioner continuously reasserts his same arguments from his initial petition. Thus, Petitioner has not asserted any specific objections. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **adopts** the Report and Recommendation (ECF No. 24). Thus, Respondent's Motion for Summary Judgment is **granted** (ECF No. 15) and Petitioner's habeas petition is **dismissed** with prejudice (ECF No. 1).

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

August 15, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."